

1  Carolyn Taylor, Esq., State Bar No. 159347
   Tammara N. Tukloff, State Bar No. 192200
2  **MORRISPOLICH & PURDY LLP**
   501 W. Broadway, Suite 500
3  San Diego, California 92101
   Tele: (619) 557-0404
4  Fax : (619) 557-0460
   ctaylor@mpplaw.com
5  ttukloff@mpplaw.com

6  Attorneys for Defendants Blair Corporation
   Blair, LLC and Orchard Brands Corporation
7

**FILED**

DEC - 4 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8                  UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  MICHELLE PUTINI, individually and as          Case No.
11  Successor- in-Interest to and                 **09 CV 2729 W BLM**
    Administrator of the Estates of EVELYN
12  and MURRAY ROGOFF, deceased; and              **NOTICE OF REMOVAL OF CIVIL
                                                  ACTION**
13  SUSAN BRENT, individually, and as
    Successor- in-Interest to EVELYN and          (SCSD No. 37-2009-00061082-CU-PL-NC)
14  MURRAY ROGOFF,

15
16                   Plaintiffs,
                 v.
17
    BLAIR CORPORATION, BLAIR L.L.C.,
18  GOLDEN STATE CAPITAL, and
    ORCHARD BRANDS CORPORATION,
19
20                   Defendants.
21

22            __NOTICE OF REMOVAL OF CIVIL ACTION__

23       Defendants BLAIR CORPORATION, BLAIR LLC, and ORCHARD BRANDS

24  CORPORATION, by and through their attorneys, Morris, Polich & Purdy, notify this

25  Court of removal of the above-captioned suit and in support thereof state as follows:

26                           **Background**

27       1.    Blair Corporation, Blair LLC, Golden Gate Capital, Orchard Brands

28  Corporation, Golden Gate Private Equity, Inc. and 100 "Does" have been named as



1

SD036841.DOC

**NOTICE OF REMOVAL OF CIVIL ACTION**

1  defendants in a civil action entitled *Michelle Putini, et al. v. Blair Corporation and*
2  *Blair LLC, et al.,* Cause No. 37-2009-00061082-CU-PL-NC.   Plaintiffs filed this
3  lawsuit in the Superior Court of California, County of San Diego, North County
4  Division on October 23, 2009, and they filed a first amended complaint on November
5  5, 2009.[1]   The suit seeks damages arising from an incident wherein an allegedly
6  defective bathrobe allegedly caught fire resulting in fatal injuries to the plaintiffs'
7  decedents.     Plaintiffs' complaint contains product liability claims and a claim for
8  violation of the Federal Flammable Fabrics Act, 15 U.S.C. § 1192, et. seq.
9        2.    This suit is a civil action over which this Court has original jurisdiction
10  under 28 U.S.C. §§ 1331 and 1332, and is one that defendants are entitled to remove to
11  this Court pursuant to 28 U.S.C. § 1441(a) because the case involves a dispute among
12  parties with complete diversity of citizenship and the matter in controversy exceeds the
13  sum of $75,000, exclusive of interest and costs, and the complaint contains a count
14  alleging violation of the Federal Flammable Fabrics Act.
15        3.    Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and
16  orders served upon defendants are attached hereto as follows:
17        a    Plaintiffs' Complaint and Summons, filed October 23, 2009 (Exh.
18             1); and
19        b.   Plaintiffs' First Amended Complaint and Summons, filed
20             November 5, 2009  (Exh. 2).
21        4.    This Notice of Removal is timely since it is filed within 30 days after
22  service of process on defendants of a copy of the complaint, as required by 28 U.S.C.
23  §1446(b).
24
---
25  [1] The original and first amended complaints apparently differ only with respect to the names of the
26  defendants identified in the captions and first paragraphs of the complaints.   The original complaint
identifies a defendant named "Golden *State* Capital." The first amended complaint drops reference to
Golden *State* Capital in the caption and first paragraph (although it continues apparently erroneously
27  to refer to Golden *State* Capital in the body of the complaint), and it adds  Golden Gate Capital and
Golden Gate Private Equity Fund, Inc. as defendants.    As discussed more fully below, Golden Gate
28  Private Equity, Inc. d/b/a Golden Gate Capital is a Delaware corporation with its principal place of
business in the State of California.  Golden Gate Capital is not a legal entity.

SD036841.DOC
**NOTICE OF REMOVAL OF CIVIL ACTION**

# I. <u>DIVERSITY JURISDICTION</u>

5.     Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states. . . ."

## A.    Amount in Controversy

6.     In this case, the amount in controversy requirement is satisfied on the face of the complaint.  Plaintiffs seek damages for, among other things, hospital and medical expenses incurred by their decedents between the time of injury and the time of their deaths, and they specifically allege that those expenses "exceed[] $1,900,000.00."   (Am. Complaint, exh. 2 at p. 11, ¶ 11).

## B.    Citizenship of Proper Parties

7.     At the time of the commencement of this action, the plaintiffs, Michelle Putini individually and as Successor-in-Interest to and Administrator of the Estates of Evelyn and Murray Rogoff, deceased and Susan Brent, individually, and as Successor-in-Interest to Evelyn and Murray Rogoff, were citizens of the State of California.

8.     None of the proper party defendants in this case is a citizen of the State of California.  28 USC §§ 1332(a)(1), 1441(b).

9.     Named defendant Blair Corporation no longer exists.   On April 30, 2007, Blair Corporation filed a Certificate of Conversion with the Delaware Secretary of State changing its name from "Blair Corporation" to "Blair LLC".  (Delaware Certificate of Conversion, exh. 3 at pp. 18-20)

10.     At the time of the commencement of this action and at all times since, defendant Blair LLC was and is a Delaware limited liability company with its principal place of business in the State of Pennsylvania.    For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of Blair LLC is Appleseed's Intermediate Holdings, LLC, a

SD036841.DOC

1   Delaware limited liability company with its principal place of business in the State of
2   Massachusetts.   The sole member of Appleseed's Intermediate Holdings LLC is
3   defendant Orchard Brands Corporation.   Blair LLC sells products throughout the
4   country but it operates no stores in the State of California.   The majority of its
5   employees and operations are in the State of Pennsylvania, and its executive and
6   administrative functions are in the State of Pennsylvania.

7       11.   Defendant Orchard Brands Corporation is a Delaware Corporation with
8   its principal place of business in the State of Massachusetts.   Orchard Brands
9   Corporation has no production operations or sales.   A majority of its employees,
10  executives and administratives, are located in the State of Massachusetts.

11  **C.   "Doe" Defendants**

12      12.   The residence of the 100 "Doe" defendants named by plaintiffs is
13  unknown.   (Am. Complaint, exh. 2 at p. 10, ¶¶ 5(a), 6)   However, the presence of
14  "John Doe" defendants creates no impediment to removal. 28 U.S.C. § 1441(a) ("[T]he
15  citizenship of defendants sued under fictitious names shall be disregarded."); McPhail
16  v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008);; Australian Gold, Inc. v. Hatfield,
17  436 F.3d 1228, 1234-35 (10th Cir.2006); Howell ex rel. Goerdt v. Tribune Entm't Co.,
18  106 F.3d 215, 218 (7th Cir.1997) ("[N]aming a John Doe defendant will not defeat the
19  named defendants' right to remove a diversity case if their citizenship is diverse from
20  that of the plaintiffs."); Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 948 (6th
21  Cir.1994) ("It is clear that 'Jane Doe' is a fictitious name; no such real person was ever
22  named, and plaintiff never identified the alleged person....").

23  **D. Fraudulent Joinder of Golden Gate Private Equity, Inc. and Golden**
24  **Gate Capital**

25      13.   The complaint also purports to name two entities -- Golden Gate Private
26  Equity, Inc. and "Golden Gate Capital" (apparently erroneously referred to in the body
27  of the complaint as "Golden State Capital").   These entities have been fraudulently
28  joined solely for the purpose of defeating diversity jurisdiction in that no claim

SD036841.DOC
**NOTICE OF REMOVAL OF CIVIL ACTION**

1   asserted by plaintiffs in the complaint can be maintained against Golden Gate Private

2   Equity, Inc. or Golden Gate Capital.

3        14.    Golden Gate Private Equity, Inc., d/b/a Golden Gate Capital, is a Delaware

4   Corporation with its principal place of business in the State of California.  Golden Gate

5   Capital, which plaintiffs identify as a separate defendant, is not a legal entity.

6   (Declaration of S. Kaluzny, exh. 4 at p. 21, ¶ 3)

7        15.    In the body of their amended complaint, plaintiffs describe "Golden *State*

8   Capital," together with the other defendants as "collectively Blair."  (Am. Complaint,

9   exh. 2 at p. 12, ¶¶ L-1, L-7)   This reference to Golden *State* Capital appears to be a

10   typographical error.

11        16.    Golden Gate Private Equity, Inc., d/b/a Golden Gate Capital, is a

12   management company that provides management services for various investment funds.

13   Golden Gate Private Equity, Inc., d/b/a Golden Gate Capital, is not a shareholder in any

14   of the investment funds.   (Decl. of S. Kaluzny, exh. 4 at p. 22, ¶ 4)  Importantly, Golden

15   Gate Private Equity, Inc., d/b/a Golden Gate Capital is not a shareholder or member of

16   Blair LLC, nor is it a shareholder or member of any Blair parent entity, including

17   Orchard Brands Corporation.   (Declaration of S. Kaluzny, exh. 4 at p. 22, ¶ 4)  Further,

18   Golden Gate Private Equity, Inc., d/b/a Golden Gate Capital is not an agent of Blair LLC

19   or Orchard Brands Corporation, and Golden Gate Private Equity, Inc. d/b/a Golden Gate

20   Capital was not an agent of Blair Corporation during the time that Blair Corporation was

21   in existence. (Declaration of S. Kaluzny, exh. 4 at p. 22, ¶ 5)  In addition, Blair LLC,

22   Orchard Brands Corporation, and Blair Corporation are not and were not agents of

23   Golden Gate Private Equity, Inc., d/b/a Golden Gate Capital.   (Declaration of S.

24   Kaluzny, exh. 4 at p. 22, ¶ 5)

25        17.  Golden Gate Private Equity, Inc., d/b/a Golden Gate Capital, does not design,

26   manufacture, assemble, market, distribute or sell products.  (Declaration of S. Kaluzny,

27   exh. 4 at p. 22, ¶ 6)  Specifically, Golden Gate Private Equity, Inc., d/b/a Golden Gate

28   Capital had no involvement in the design, manufacture, assembly, marketing,

SD036841.DOC

**NOTICE OF REMOVAL OF CIVIL ACTION**

1 distribution, or sale of the robe here in issue or any component part of said robe or any

2 other robe. (Declaration of S. Kaluzny, exh. 4 at p. 22, ¶ 6)  Golden Gate Private Equity,

3 Inc. d/b/a Golden Gate Capital had no knowledge of the condition or inspections

4 conducted of the robe in question, or any other robe or any component part of said robes,

5 and it made no representations, express or otherwise, regarding the robe in question or

6 any other robe or any component part of said robes. (Declaration of S. Kaluzny, exh. 4 at

7 pp. 22-23, ¶¶ 8,9)  Further, Golden Gate Private Equity, Inc., d/b/a Golden Gate Capital

8 did not and does not control or participate in the management or operation of defendants

9 Orchard Brands Corporation or Blair LLC, and it did not control or participate in the

10 management or operation of named defendant Blair Corporation.    (Declaration of S.

11 Kaluzny, exh. 4 at p. 22, ¶ 7)

12      18.    Because defendant Golden Gate Private Equity, Inc. d/b/a Golden Gate

13 Capital had no involvement in or connection to the conduct alleged in plaintiffs'

14 amended complaint, the claims asserted in that complaint cannot be maintained against it

15 and its joinder was fraudulent.    See, e.g., Wilson v. Republic Iron & Steel Co., 257

16 U.S. 92, 94, 96-98, 42 S. Ct. 35, 66 L. Ed. 144 (1921) (holding that a non-diverse

17 defendant was fraudulently joined where a verified petition for removal alleged that

18 the defendant was not present at all when the plaintiff was injured, and the plaintiff did

19 not controvert those verified allegations); Smallwood v. Illinois Central Railroad Co.,

20 385 F.3d 568, 574 n. 12, (5th Cir.2004) (explaining that fraudulent joinder would be

21 established as to a non-diverse pharmacist if it could be shown that "the in-state

22 pharmacist defendant did not fill a prescription for the plaintiff patient."); Faucett v.

23 Ingersoll-Rand Mining & Mach. Co., 960 F.2d 653, 654-55 (7th Cir.1992) (in an

24 action for strict products liability and negligence, finding that the plaintiff had

25 fraudulently joined a co-worker, in light of the non-diverse defendant's

26 "uncontradicted affidavit, essentially stating that he has had absolutely nothing to do

27 with" the machine alleged to have caused the plaintiff's injury); Smoot v. Chicago,

28 Rock Island & Pac. R.R. Co., 378 F.2d 879, 881-82 (10th Cir.1967) (holding that a

6

SD036841.DOC

**NOTICE OF REMOVAL OF CIVIL ACTION**

1  non-diverse railway employee was fraudulently joined where uncontroverted evidence

2  showed that he had left the employ of the defendant railroad approximately fifteen

3  months before the accident giving rise to the case occurred); Vogt v. Time Warner

4  Entertainment Co., L.P., No. CIV. A. 01-905, 2001 WL 360058, at *1 (E. D. Pa. Apr.

5  3, 2001) (stating that, in the fraudulent joinder context, "piercing [the pleadings] must

6  be limited to circumstances ... where the Court [can] reach[ ] outside the pleadings to

7  consider an affidavit that completely divorce[s] the challenged defendant from the

8  allegations and [leaves] no doubt that the defendant was [fraudulently] joined.");

9  Veugeler v. General Motors Corp., No. 96 C 7278, 1997 WL 160749, at *3 (N. D. Ill.

10  Apr. 2, 1997) (in a strict products liability action based on an allegedly defective

11  airbag, fraudulent joinder was established by an uncontradicted affidavit of a non-

12  diverse defendant alleged to have designed, manufactured, and supplied the airbag at

13  issue that, although it negotiated for the contract to install airbags in cars manufactured

14  by its co-defendant, it was not awarded the contract and "never supplied airbags or any

15  component part thereof for installation in [the manufacturer's vehicles], including the

16  vehicle described in plaintiff's Complaint at Law.").

17      19.   The citizenship of fraudulently joined defendants is not considered for

18  purposes of determining whether removal is proper based on federal diversity

19  jurisdiction:

20      The joinder of a nondiverse defendant, although fair on its face, may be shown

21      by a petition for removal to be only a fraudulent device to prevent removal.

22      Under such circumstances, the court may disregard the joinder and retain

23      jurisdiction. Wilson v. Republic Iron and Steel Company (1921) 257 U.S. 92,

24      42 S. Ct. 35, 66 L. Ed. 144 (1921). "Fraudulent joinder" is a term of art, it does

25      not reflect on the integrity of plaintiff or counsel (Newman v. Forward Lands,

26      Inc. (E.D.Pa.1976) 418 F. Supp. 134, 136, n.1) but is merely the rubric applied

27      when a court finds either that no cause of action is stated against the nondiverse

28      defendant, or in fact no cause of action exists. Dodd v. Fawcett Publications,

7

SD036841.DOC

**NOTICE OF REMOVAL OF CIVIL ACTION**

1  Inc. (10th Cir. 1964) 329 F.2d 82, 85;  Parks v. New York Times Company  (5th

2  Cir. 1962) 308 F.2d 474, 478; cf. Sessions v. Chrysler Corp., supra. In other

3  words, a joinder is fraudulent if "there (is) no real intention to get a joint

4  judgment, and . . . there (is) no colorable ground for so claiming." Parks v. New

5  York Times, supra, at 478.

6  Lewis v. Time Inc. 83 F.R.D. 455 (C. D. Cal., 1979).

7      20.  Complete diversity of citizenship therefore exists and removal is proper

8  pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

9  **E. Unanimity of Defendants**

10     21.   All properly named defendants consent to removal.  See Proctor v. Vishay

11  Intertechnology Inc., --- F.3d ----, 2009 WL 3260535 at * 11 (9th Cir., Oct. 9, 2009).

12     22.   On October 9, 2009, the Ninth Circuit ruled that "the filing of a notice of

13  removal can be effective without individual consent documents on behalf of each

14  defendant. One defendant's timely removal notice containing an averment of the other

15  defendants' consent and signed by an attorney of record is sufficient." See Proctor v.

16  Vishay Intertechnology Inc., --- F.3d ----, 2009 WL 3260535 at * 10, *11 (9th Cir., Oct.

17  9, 2009) ("[W]e interpret that requirement [unanimity] as met if, as here, one

18  defendant avers that all defendants consent to removal. * * *  [T]he filing of a notice

19  of removal can be effective without individual consent documents on behalf of each

20  defendant. One defendant's timely removal notice containing an averment of the other

21  defendants' consent and signed by an attorney of record is sufficient."

22     23.  The presence of the 100 "John Doe" defendants does not defeat unanimity

23  or prevent removal.  "The general rule that all defendants must join in a notice of

24  removal may be disregarded where, as here, the non-joining defendants are unknown."

25  Green v. America Online (AOL), 318 F.3d 465, 470 (3d Cir. 2003);  Balazik v. County

26  of Dauphin, 44 F.3d 209, 213 n. 4 (3d Cir.1995).

27  //

28  //

SD036841.DOC

**NOTICE OF REMOVAL OF CIVIL ACTION**

## II. Federal Question/Supplemental Jurisdiction

24.     Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  An action "arises under" federal law when "federal law creates the cause of action."  Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986).

25.     Here, the plaintiffs' second cause of action expressly alleges violation of the Federal Flammable Fabrics Act, 15 U.S.C. §§ 1192, et seq.  (Am. Complaint, exh. 2 at p.14)  See  Fisher v. NOS Commc'ns (In re NOS Commc'ns), 495 F.3d 1052, 1057 (9th Cir. 2007) (holding that federal jurisdiction exists when a federal question is presented on the face of the plaintiffs' complaint).

26.  Although defendants deny that plaintiffs can maintain their claims under the Federal Flammable Fabrics Act, see, e.g., 15 U.S.C. §§ 1194-1196, and deny that a private right of action exists under the Act, the plaintiffs' amended complaint asserts a federal question on its face.

27.     Where a cause of action is removable pursuant to federal question jurisdiction, the entire case, including state law claims are removable.  28 U.S.C. §§ 1441(c), 1367.

28.     Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 [federal question jurisdiction] of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

29.     Section 1367, which codifies the theory of pendent jurisdiction and denominates it "supplemental jurisdiction," further provides:

**NOTICE OF REMOVAL OF CIVIL ACTION**

SD036841.DOC

[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

30.   Plaintiffs' complaint states on its face that plaintiffs' federal and state law claims are closely related and form part of the same case or controversy.  Plaintiffs' federal and state claims arise out of the same incident wherein an allegedly defective bathrobe allegedly caught fire resulting in injuries to the plaintiffs' decedents.   In the attachment to their first cause of action, which sets forth their products liability claims against all defendants, plaintiffs allege that "[t]he fabric used in the BLAIR ROBE was particularly susceptible to catching fire" and that the "BLAIR ROBE was made of a fabric that was known in the fabric and flammable fabric standard experts industry to be extremely flammable when closely exposed to open fire or high heat . . . ."  (Am. Complaint, exh. 2 at p. 13, ¶¶ 1,5)  Plaintiffs then re-allege and incorporate these allegations in their second cause of action, where they further allege that all defendants violated the Federal Flammable Fabric Act, 15 U.S.C. 1192, et seq., by "plac[ing] in commerce a highly flammable bathrobe which failed to conform to the standards of the FFFA." (Am. Complaint, exh. 2 at p. 14, ¶ 3)  Accordingly, although defendants deny that plaintiffs can maintain a cause of action under the Federal Flammable Fabrics Act, the amended complaint purports to state claims under the Act, and those claims are so closely related to plaintiffs' state law claims as to be part of the same case or controversy.

## III.  Notice to Parties and to State Court

31.   Defendants will promptly give written notice of removal to all adverse parties and will also file a copy of the notice with the Clerk of the Superior Court of California, County of San Diego, North County Division, as required by 28 USC

SD036841.DOC

**NOTICE OF REMOVAL OF CIVIL ACTION**

1    1446(d).  (A copy of the Notice of Filing Notice of Removal is attached as exh. 5 at pp.

2    24-25).

3         WHEREFORE, defendants Blair Corporation, Blair LLC, and Orchard Brands

4    Corporation notify this Court of removal of the above-captioned suit pursuant to 28

5    USC §§ 1331, 1332 and 28 USC §1441(a).

6

7    Dated:  December 4, 2009                Respectfully submitted,
                                             MORRIS POLICH & PURDY LLP
8

9                                            By:_____
                                                 Carolyn Taylor
10                                               Tammara N. Tukloff
11                                               Attorneys for Defendants
                                                 Blair Corporation, Blair, LLC and
12                                               Orchard Brands Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SD036841
**NOTICE OF REMOVAL OF CIVIL ACTION**

**TABLE OF CONTENTS
TO EXHIBITS IN SUPPORT OF
<u>NOTICE OF REMOVAL</u>**

| **Exhibit #** | **Document** | **Page** |
|---|---|---|
| Exhibit 1 | Plaintiffs' Complaint, filed 10-23-09 | 1 |
| Exhibit 2 | Plaintiffs' First Amended Complaint and Summons, Filed 11-5-09 | 9 |
| Exhibit 3 | Delaware Certificate of Conversion | 18 |
| Exhibit 4 | Declaration of Stefan Kaluzny | 21 |
| Exhibit 5 | Notice of Filing Notice of Removal | 24 |

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| NOEL W. SPAID, ESQ. #087357    Tel (858) 350-8718    Fax (858) 350-8718<br>C. BRADLEY HALLEN #047947    Tel (760) 753-4888    Fax (760) 943-0494<br>2533 So. Coast Highway 101, Suite 280<br>Cardiff-by-the-Sea, CA 92007 | F I L E D<br>NORTH COUNTY DIV.<br><br>2009 OCT 23  AM 9: 42<br><br>CLERK... SUP. COURT<br>SAN DIEGO COUNTY, CA |

TELEPHONE NO: (760) 753-4888     FAX NO. *(Optional)*: (760) 943-0494
E-MAIL ADDRESS *(Optional)*: cbhallen@aol.com    nspaid@san.rr.com
ATTORNEY FOR *(Name)*: Plaintiffs MICHELLE PUTINI and SUSAN BRENT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: COUNTY OF SAN DIEGO
MAILING ADDRESS: 325 S. Melrose Drive
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: NORTH SAN DIEGO COUNTY

PLAINTIFF: MICHELLE PUTINI, individually, and as Successor-in-Interest to and Administrator of the Estates of EVELYN and MURRAY ROGOFF, Deceased ; SUSAN BRENT, individually, and as Successor-in-Interest to EVELYN and MURRAY ROGOFF
DEFENDANT: BLAIR CORPORATION; BLAIR LLC; GOLDEN STATE CAPITAL, ORCHARD BRANDS CORPORATION, and

[X] DOES 1 TO   100

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED *(Number)*:

Type *(check all that apply)*:
[ ] MOTOR VEHICLE     [X] OTHER *(specify)*: Product Liability; Violation of Statute
  [X] Property Damage     [X] Wrongful Death
  [X] Personal Injury     [ ] Other Damages *(specify)*:

| Jurisdiction *(check all that apply)*: | CASE NUMBER: |
|---|---|
| [ ] ACTION IS A LIMITED CIVIL CASE<br>    Amount demanded    [ ] does not exceed $10,000<br>                   [ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>     [ ] from limited to unlimited<br>     [ ] from unlimited to limited | 37-2009-00061082-CU-PL-NC |

1. Plaintiff *(name or names)*: MICHELLE PUTINI, individually, and as Successor-in-Interest to and Administrator of the Estates of EVELYN and MURRAY ROGOFF, Deceased ; SUSAN BRENT, individually, and as Successor-in-Interest to EVELYN and MURRAY ROGOFF
alleges causes of action against defendant *(name or names)*: BLAIR CORPORATION; BLAIR LLC; GOLDEN STATE CAPITAL; ORCHARD BRANDS CORPORATION, and Does 1-100

2. This pleading, including attachments and exhibits, consists of the following number of pages:    7

3. Each plaintiff named above is a competent adult
  a. [ ] except plaintiff *(name)*:
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe)*:
    (3) [ ] a public entity *(describe)*:
    (4) [ ] a minor [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify)*:
    (5) [ ] other *(specify)*:

  b. [ ] except plaintiff *(name)*:
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe)*:
    (3) [ ] a public entity *(describe)*:
    (4) [ ] a minor [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify)*:
    (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Legal Solutions Plus

Code of Civil Procedure, § 425.12

**Exhibit 1**
**Page 1**

PLD-PI-001

| SHORT TITLE: PUTINI VS BLAIR CORPORATION et al | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
  a. ☒ except defendant (name): DOES 11-50 and DOES 61-100

    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  c. ☒ except defendant (name): ORCHARD BRANDS CORPORATION

    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  b. ☒ except defendant (name): BLAIR CORPORATION and BLAIR LLC

    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  d. ☒ except defendant (name): GOLDEN STATE CAPITAL

    (1) ☒ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☒ Doe defendants (specify Doe numbers): 1-50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☒ Doe defendants (specify Doe numbers): 51-100 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
  a. ☒ at least one defendant now resides in its jurisdictional area.
  b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
  a. ☐ has complied with applicable claims statutes, or
  b. ☐ is excused from complying because (specify):

Exhibit 1
Page 2

PLD-PI-001

| SHORT TITLE: PUTINI VS BLAIR CORPORATION et al | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐    Motor Vehicle
   b. ☐    General Negligence
   c. ☐    Intentional Tort
   d. ☒    Products Liability
   e. ☐    Premises Liability
   f. ☒    Other *(specify):* VIOLATION OF STATUTE (15 U.S.C. 1192 et seq.)

11. Plaintiff has suffered
   a. ☐    wage loss
   b. ☒    loss of use of property
   c. ☒    hospital and medical expenses
   d. ☒    general damage
   e. ☒    property damage
   f. ☒    loss of earning capacity
   g. ☒    other damage *(specify):* (1) Emotional distress of SUSAN BRENT per <u>Dillon v. Legg</u> based on witnessing injury to her mother and father; (2) Economic losses of decedents EVELYN ROGOFF and MURRAY ROGOFF incurred between the time of injury and the time of death, consisting of hospital and medical expenses exceeding $1,900,000.00 as claimed by their Administrator and Successor-in-Interest, (3) Attorneys Fees as provided by law for Violation of Statute and Breach of Warranty.

12. ☒    The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐    listed in Attachment 12.
   b. ☒    as follows:
MICHELLE PUTINI and SUSAN BRENT, children and heirs of decedents EVELYN ROGOFF and MURRAY ROGOFF, seek damages for loss of their parents' love, companionship, comfort, affection, society, solace, moral support and funeral and burial expenses.

13. The relief sought in this complaint is within the jurisdiction of this court.    PLAINTIFFS DEMAND A TRIAL BY JURY.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒    compensatory damages
      (2) ☒    punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒    according to proof
      (2) ☐    in the amount of: $ Attorneys Fees per

15. ☒    The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
All paragraphs. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' damages as herein alleged were caused thereby. Each named defendant was the the agent of each other defendant.


Date: October 23 , 2009


NOEL W. SPAID
  (TYPE OR PRINT NAME)

                                                 (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

**Exhibit 1
Page 3**

PLD-PI-001(5)

| SHORT TITLE:  PUTINI v. BLAIR CORPORATION | CASE NUMBER: |
|---|---|

___FIRST_____   CAUSE OF ACTION—Products Liability          Page _4_____
(number)

ATTACHMENT TO  [X] Complaint  [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: MICHELLE PUTINI, individually, and as Successor-in-Interest to and Administrator of the Estates of EVELYN and
MURRAY ROGOFF, Deceased ; SUSAN BRENT, individually, and as Successor-in-Interest to EVELYN and MURRAY ROGOFF

Prod. L-1. On or about *(date)*:  February 4, 2009          plaintiff was injured by the following product:
A 100% cotton Chenille bathroom (hereinafter "the BLAIR ROBE") sold by defendants BLAIR
CORPORATION,  BLAIR LLC , ORCHARD BRANDS CORPORATION and GOLDEN STATE
CAPITAL (hereinafter "BLAIR") to Plaintiff's mother, EVELYN ROGOFF, and worn by her at the time
she caught on fire, sustaining injuries that would claim her life.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant.  The product at the time of injury
was being
[X] used in the manner intended by the defendants.
[X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
readily apparent.  Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
[X] purchaser of the product.                              [X] user of the product.
[X] bystander to the use of the product.                  [X] other *(specify)*: heirs of persons injured
and killed by the product

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod. L-4. [X] Count One--Strict liability of the following defendants who
a. [X] manufactured or assembled the product *(names)*:  BLAIR CORPORATION, BLAIR LLC,
ORCHARD BRANDS CORPORATION, GOLDEN STATE CAPITAL and
[X] Does 1_____ to 100
b. [X] designed and manufactured component parts supplied to the manufacturer *(names)*:
BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, GOLDEN
STATE CAPITAL and
[X] Does 1_____ to 100
c. [X] sold the product to the public *(names)*:BLAIR CORPORATION, BLAIR LLC, ORCHARD
BRANDS CORPORATION, GOLDEN STATE CAPITAL and
[X] Does 1_____ to 100
Prod. L-5. [X] Count Two--Negligence of the following defendants who owed a duty to plaintiff *(names)*:
BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, GOLDEN STATE
CAPITAL and
[X] Does 1_____ to 100
Prod. L-6. [X] Count Three--Breach of warranty by the following defendants *(names)*:  BLAIR CORPORATION, BLAIR
LLC, ORCHARD BRANDS CORPORATION, GOLDEN STATE CAPITAL and
[X] Does 1_____ to 100
a. [X] who breached an implied warranty
b. [ ] who breached an express warranty which was
[ ] written  [ ] oral
Prod. L-7. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
[ ] listed in Attachment-Prod. L-7 [X] as follows:  BLAIR CORPORATION, BLAIR LLC, ORCHARD
BRANDS CORPORATION, GOLDEN STATE CAPITAL (hereinafter collectively "BLAIR"), and
DOES 1-100

Page 1 of 1

Exhibit 1
Page 4

MC-025

| SHORT TITLE: PUTINI v. BLAIR CORPORATION | CASE NUMBER: |
|---|---|

ATTACHMENT (Number): PROD L-7                        Page 5 of 7

(This Attachment may be used with any Judicial Council form.)        (Add pages as required)

1.    The BLAIR ROBE was, at the time it left BLAIR and was delivered to the consumer and/or ultimate user, defective and unsafe for its intended purpose in that it was highly flammable, unsafe, and too inherently dangerous to be used in the ordinary manner that a bathrobe is used for. The fabric used in the BLAIR ROBE was particularly susceptible to catching fire when exposed to high heat or flame, and said fire resulted in a particularly fast or "quick traveling" fire; the flames traveled very quickly from point of ignition to other areas of the robe. Further, the design of the BLAIR ROBE with a seven button closure down the front, made it very difficult to remove when on fire, especially for older persons due to the lack of agility and slower reflexes as a person ages.

2.    On or about December, 2008, EVELYN ROGOFF purchased the BLAIR ROBE from BLAIR, in response to a catalog solicitation for the sale of it.

3.    On February 4, 2009, while EVELYN ROGOFF was wearing the BLAIR ROBE as she was making tea in her kitchen in Oceanside, CA, she was using the BLAIR ROBE in a manner in which it was intended. The BLAIR ROBE ignited when exposed to the surface of the electric burner used to heat the tea pot. The BLAIR ROBE caught fire about the arm and traveled quickly up Evelyn's arm, about her neck, face and chest.  Evelyn's husband, Murray, threw himself on her to smother the fire that was consuming Evelyn, and his robe caught fire, as did he.

4.    Daughter SUSAN BRENT, came into the home, heard the screams, saw her parents on fire on the floor, grabbed water bottles which were near, and doused flames until all of the fire was out. Susan transported her parents to the hospital.

5.    BLAIR had a duty to warn EVELYN ROGOFF that the product that BLAIR ROBE was made of a fabric that was known in the fabric and flammable fabric standard experts industry to be extremely flammable when closely exposed to open fire or high heat which was reasonably foreseeable, and could easily catch on fire.

6.    BLAIR failed to place any kind of warning label in the bathrobe prior to its sale to consumer, EVELYN ROGOFF. BLAIR was fully aware that a woman's bathrobe would be used and worn in close proximity to open range fires, and hot electric coils from electric ranges since it is common knowledge that women often cook and make coffee and tea and other things in their robes.  Since one of BLAIRs' target demographics for their clothing is senior citizens who are the most vulnerable class of persons, (with infants), to severe injury and death from clothing fire while wearing the flammable clothing, Plaintiffs had special obligations to warn. Plaintiffs plead the allegations of this paragraph as having evidentiary support or likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

7.    BLAIR could have warned by fastening a warning label to the BLAIR ROBE before it reached the consumer, which label costs approximately one penny per robe, and which label would have prevented the injuries and death set out herein.

8.    BLAIR's product was defectively designed in that the flammable robe also fastened with seven buttons down the front, which was very difficult to exit from when it caught on fire because of the time and dexterity required to unbutton seven button closure, especially for older persons.

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT
to Judicial Council Form**

Legal
Solutions
Plus

**Exhibit 1
Page 5**

| PETITIONER/PLAINTIFF: MICHELLE PUTINI, individually, et al | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: BLAIR CORPORATION | |

SECOND CAUSE OF ACTION - Violation of Statute                    Page   6

Violation of Statute (15 U.S.C. 1192 et. seq.)

1.    Plaintiffs MICHELLE PUTINI Individually and as Successor-in-Interest to and Administrator of the Estates of EVELYN  and MURRAY ROGOFF, Deceased ; SUSAN BRENT, individually, and as Successor-in-Interest to EVELYN and MURRAY ROGOFF, Deceased hereby re-allege paragraphs 1-15 and Prod L-1 to Prod L-7 of the complaint as though fully set forth herein and incorporate them herein by reference.

2.    Defendants BLAIR, BLAIR LLC, ORCHARD BRANDS CORPORATION and GOLDEN STATE CAPITAL were members of the class subject to the rules and regulations prescribed in the THE FEDERAL FLAMMABLE FABRIC ACT, 15 US 1192, et. seq. (hereinafter called FFFA). EVELYN and MURRAY ROGOFF were within the class of persons meant to be protected by FFFA, persons who come in contact with and/or wear fabrics/clothing which could be dangerous if flammable.

3.    Defendants BLAIR, BLAIR LLC, ORCHARD BRANDS CORPORATION and GOLDEN STATE CAPITAL  violated the FFFA,  to wit: SEC. 3. [15 U.S.C. § 1192] in that it offered for sale, in commerce, and/or the importation, introduction, delivery for introduction, into the United States, and/or causing to transport, in commerce, or the sale or delivery after a sale or shipment in commerce, of any product, fabric, or related material which fails to conform to an applicable standard or regulation issued or amended under the provisions of section 4 of the FFFA. Minimally BLAIR, BLAIR LLC, ORCHARD BRANDS CORPORATION and GOLDEN STATE CAPITAL, through sale, delivery, and/or failure to properly test or cause to be tested, its BLAIR ROBES placed in commerce throughout the United States a highly flammable bathrobe which failed to conform to the standards of FFFA.

4.    As a proximate result of this violation of statute, in particular, MURRAY and EVELYN ROGOFF suffered severe injuries and/or death, the precise results meant to be avoided by enactment of the FFFA. Plaintiff pleads the allegations of this paragraph as having evidentiary support or likely have evidentiary support after a reasonable opportunity for further investigation or discovery.



Legal
Solutions
Plus

Exhibit 1
Page 6

PLD-PI-001(6)

| SHORT TITLE:  PUTINI v. BLAIR CORPORATION | CASE NUMBER |
|---|---|

### Exemplary Damages Attachment

Page 7

ATTACHMENT TO   [X] Complaint   [ ] Cross-Complaint

EX-1.  As additional damages against defendant *(name)*:  BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, and GOLDEN STATE CAPITAL

Plaintiff alleges defendant was guilty of
[X] malice
[X] fraud
[X] oppression
as defined in Civil·Code section 3294,  and plaintiff should recover,  in addition to actual damages,  damages to make an example of and to punish defendant.

EX-2.  The facts supporting plaintiff's claim are as follows:

Defendants BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, and GOLDEN STATE CAPITAL knew or should have known that the BLAIR ROBE was a defective, unsafe product for use by any person  but particularly unsafe for people over 65 years of age, BLAIR'S key target demographic group. Said defendants knew the BLAIR ROBE was dangerously unsafe and highly flammable long before February 4, 2009 and should have recalled said robe before that date but intentionally and to avoid adverse publicity did not do so until April 21 2009 and June 12 2009,  after EVELYN and MURRAY ROGOFF and numerous other persons had been injured and killed by robes which caught on fire. The injuries and death of EVELYN and MURRAY ROGOFF and others would not have occurred if said defendants had acted timely on their knowledge and timely recalled the·BLAIR ROBES.  Said conduct was wanton, oppressive and malicious, and in conscious disregard of the rights and safety of others, entitling Plaintiffs to punitive damages, in a sum according to proof.

BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, and GOLDEN STATE CAPITAL deliberately and intentionally and willfully caused itself to be ignorant of facts that would have compelled the BLAIR ROBE recall in sufficient time such that  Evelyn and Murray Rogoff  would not have been injured or killed.  Said defendants' employees have issued statements which demonstrate said defendants' complete  and total disregard, care, or concern over the fact that their BLAIR ROBE was inflicting bodily injury and could cause death. Said defendants willfully, deliberately, oppressively and maliciously refused to acknowledge that their defective product, the BLAIR ROBE, was so highly flammable it was causing "quick fire" and personal injury to the consumers. Said defendants chose to remain willfully ignorant, did not respond to notice of the robe's inherent dangerous flammability, did not retest its product timely and did not timely recall the dangerous product. Such a timely recall would have prevented the injuries and deaths of Evelyn and Murray, and damages to Plaintiffs.

In response to a timely notice of a serious personal injury already caused by an identical BLAIR ROBE and a customer's stated concern that the robe if not recalled could cause deaths, said defendants' employee stated that BLAIR was " not concerned" and that if the robe was pulled from the domestic (American) market, it could be sold "everywhere else in the world."

EX-3.  The amount of exemplary damages sought is
a. [X] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**EXEMPLARY DAMAGES ATTACHMENT**

Legal Solutions Plus

Code of Civil Procedure, § 425.12

**Exhibit 1**
**Page 7**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

MICHELLE PUTINI, individually, and as Administrator of the
Estates of EVELYN ROGOFF and MURRAY ROGOFF et al

vs.

BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS
CORPORATION, and GOLDEN STATE CAPITAL et al

NORTH COUNTY ___ Case No. _____

2009 OCT 23  AM 9: 42

**CERTIFICATE OF ASSIGNMENT**

CLERK _____ COURT
SAN DIEGO CO.  CA

37-2009-00061082-CU-PL-NC

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence
of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the  North County
District of the Superior Court under Rule 404 of this court for the checked reason:

       [ x ] General      [ ] Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [x] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other | |
| [x] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case
for filing in the above-designated district is:

Accident address: 3747 Vista Campana South Unit 15 _____ ADDRESS
   (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)

_____ Oceanside CA 92057 _____
   (CITY)                              (STATE)                  (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

October  23  ,2009 _____ at  Cardiff-by-the-Sea _____ , California

                                                                   Signature of Attorney/Party

                              NOEL W. SPAID

13-16503-360 Rev. 10/04

SD-16503

**Exhibit 1
Page 8**

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| NOEL W. SPAID, ESQ. #087357    Tel: 858-350-8718<br>C. BRADLEY HALLEN, ESQ. #047947    Tel: 760-753-4888<br>2533 So. Coast Highway 101, Suite 280<br>Cardiff-by-the-Sea, CA 92007<br>TELEPHONE NO: 760-753-4888    FAX NO. *(Optional)*: 760-943-0494<br>E-MAIL ADDRESS *(Optional)*: cbhallen@aol.com    nspaid@san.rr.com<br>ATTORNEY FOR *(Name)*: Plaintiffs MICHELLE PUTINI and SUSAN BRENT | **FILED**<br>NORTH COUNTY DIVISION<br>09 NOV -5 PM 12: 10<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: COUNTY OF SAN DIEGO
MAILING ADDRESS: 325 S. Melrose Drive
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: NORTH SAN DIEGO COUNTY

PLAINTIFF: MICHELLE PUTINI, individually, and as Administrator of the Estates of EVELYN ROGOFF and MURRAY ROGOFF, Deceased; SUSAN BRENT, individually, and as Successor-in-Interest to EVELYN ROGOFF and MURRAY ROGOFF, Deceased

DEFENDANT: BLAIR CORPORATION; BLAIR LLC; GOLDEN GATE CAPITAL; ORCHARD BRANDS CORPORATION; GOLDEN GATE PRIVATE EQUITY, INC., and

[X] DOES 1 TO 100

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| [X] AMENDED *(Number)*: FIRST<br>Type *(check all that apply)*:<br>[ ] MOTOR VEHICLE    [X] OTHER *(specify)*: Product Liability; Violation<br> [X] Property Damage    [X] Wrongful Death    of Statute<br> [X] Personal Injury    [ ] Other Damages *(specify)*: | |
| Jurisdiction *(check all that apply)*:<br>[ ] ACTION IS A LIMITED CIVIL CASE<br> Amount demanded  [ ] does not exceed $10,000<br>  [ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>  [ ] from limited to unlimited<br>  [ ] from unlimited to limited | 37-2009-00061082-CU-PL-NC |

1. Plaintiff *(name or names)*: MICHELLE PUTINI, individually, and as Administrator of the Estates of EVELYN ROGOFF and MURRAY ROGOFF, Deceased; SUSAN BRENT, individually, and as Successor in Interest to EVELYN ROGOFF and MURRAY ROGOFF, Deceased; alleges causes of action against defendant *(name or names)*: BLAIR CORPORATION; BLAIR LCC; GOLDEN GATE CAPITAL; ORCHARD BRANDS CORPORATION; GOLDEN GATE PRIVATE EQUITY, INC.; and DOES 1 to 100

2. This pleading, including attachments and exhibits, consists of the following number of pages: 7

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

**Exhibit 2**
**Page 9**

PLD-PI-001

| SHORT TITLE: PUTINI VS BLAIR CORPORATION et al | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name)*:
   is doing business under the fictitious name *(specify)*:

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant *(name)*: DOES 11-50 and DOES 61-100

   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation
   (3) ☐ an unincorporated entity *(describe)*:

   (4) ☐ a public entity *(describe)*:

   (5) ☐ other *(specify)*:

   c. ☒ except defendant *(name)*: ORCHARD BRANDS CORPORATION

   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation
   (3) ☐ an unincorporated entity *(describe)*:

   (4) ☐ a public entity *(describe)*:

   (5) ☐ other *(specify)*:

   b. ☒ except defendant *(name)*:  BLAIR CORPORATION and BLAIR LLC

   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation
   (3) ☐ an unincorporated entity *(describe)*:

   (4) ☐ a public entity *(describe)*:

   (5) ☐ other *(specify)*:

   d. ☒ except defendant *(name)*:  GOLDEN STATE CAPITAL

   (1) ☒ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)*:

   (4) ☐ a public entity *(describe)*:

   (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers)*: 1-50                    were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers)*: 51-100                    are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify)*:

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

**Exhibit 2
Page 10**

PLD-PI-001

| SHORT TITLE: PUTINI VS BLAIR CORPORATION et al | CASE NUMBER: |
| --- | --- |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐  Motor Vehicle
   b. ☐  General Negligence
   c. ☐  Intentional Tort
   d. ☒  Products Liability
   e. ☐  Premises Liability
   f. ☒  Other *(specify):*  VIOLATION OF STATUTE (15 U.S.C. 1192 et seq.)

11. Plaintiff has suffered
   a. ☐  wage loss
   b. ☒  loss of use of property
   c. ☒  hospital and medical expenses
   d. ☒  general damage
   e. ☒  property damage
   f. ☒  loss of earning capacity
   g. ☒  other damage *(specify):* (1) Emotional distress of SUSAN BRENT per Dillon v. Legg based on witnessing injury to her mother and father; (2) Economic losses of decedents EVELYN ROGOFF and MURRAY ROGOFF incurred between the time of injury and the time of death, consisting of hospital and medical expenses exceeding $1,900,000.00 as claimed by their Administrator and Successor-in-Interest, (3) Attorneys Fees as provided by law for Violation of Statute and Breach of Warranty.

12. ☒  The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐  listed in Attachment 12.
   b. ☒  as follows:
   MICHELLE PUTINI and SUSAN BRENT, children and heirs of decedents EVELYN ROGOFF and MURRAY ROGOFF, seek damages for loss of their parents' love, companionship, comfort, affection, society, solace, moral support and funeral and burial expenses.

13. The relief sought in this complaint is within the jurisdiction of this court.   PLAINTIFFS DEMAND A TRIAL BY JURY.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1)  ☒  compensatory damages
      (2)  ☒  punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1)  ☒  according to proof
      (2)  ☐  in the amount of: $ Attorneys Fees per

15. ☒  The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   All paragraphs.  Plaintiffs are informed and believe and  thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' damages as herein alleged were caused thereby.  Each named defendant was the agent of each other defendant.

Date:  October 23 , 2009

NOEL W. SPAID
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Exhibit 2
Page 11

PLD-PI-001(5)

| SHORT TITLE: PUTINI v. BLAIR CORPORATION | CASE NUMBER: |
|---|---|

<u>FIRST</u>        **CAUSE OF ACTION—Products Liability**     Page 4
(number)

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* MICHELLE PUTINI, individually, and as Successor-in-Interest to and Administrator of the Estates of EVELYN and MURRAY ROGOFF, Deceased : SUSAN BRENT, individually, and as Successor-in-Interest to EVELYN and MURRAY ROGOFF

Prod. L-1. On or about *(date):* February 4, 2009      plaintiff was injured by the following product:
A 100% cotton Chenille bathroom (hereinafter "the BLAIR ROBE") sold by defendants BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION and GOLDEN STATE CAPITAL (hereinafter "BLAIR") to Plaintiff's mother, EVELYN ROGOFF, and worn by her at the time she caught on fire, sustaining injuries that would claim her life.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
[x] used in the manner intended by the defendants.
[x] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
[x] purchaser of the product.        [x] user of the product.
[x] bystander to the use of the product.   [x] other *(specify):* heirs of persons injured and killed by the product

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod. L-4. [X] **Count One—Strict liability** of the following defendants who
a. [X] manufactured or assembled the product *(names):* BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, GOLDEN STATE CAPITAL and
[x] Does 1 to 100
b. [X] designed and manufactured component parts supplied to the manufacturer *(names):* BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, GOLDEN STATE CAPITAL and
[x] Does 1 to 100
c. [X] sold the product to the public *(names):* BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, GOLDEN STATE CAPITAL and
[x] Does 1 to 100

Prod. L-5. [X] **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):* BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, GOLDEN STATE CAPITAL and
[x] Does 1 to 100

Prod. L-6. [X] **Count Three—Breach of warranty** by the following defendants *(names):* BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, GOLDEN STATE CAPITAL and
[x] Does 1 to 100
a. [X] who breached an implied warranty
b. [ ] who breached an express warranty which was
[ ] written [ ] oral

Prod. L-7. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
[x] listed in Attachment-Prod. L-7 [ ] as follows: BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, GOLDEN STATE CAPITAL (hereinafter collectively "BLAIR"), and DOES 1-100

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]
**CAUSE OF ACTION—Products Liability**   Legal Solutions Plus   Code of Civil Procedure, § 425.12

Exhibit 2
Page 12

MC-025

| SHORT TITLE: PUTINI v. BLAIR CORPORATION | CASE NUMBER: |
| --- | --- |

ATTACHMENT (Number): PROD I.-7                    Page 5 of 7

(This Attachment may be used with any Judicial Council form.)                    (Add pages as required)

1.     The BLAIR ROBE was, at the time it left BLAIR and was delivered to the consumer and/or ultimate user, defective and unsafe for its intended purpose in that it was highly flammable, unsafe, and too inherently dangerous to be used in the ordinary manner that a bathrobe is used for. The fabric used in the BLAIR ROBE was particularly susceptible to catching fire when exposed to high heat or flame, and said fire resulted in a particularly fast or "quick traveling" fire; the flames traveled very quickly from point of ignition to other areas of the robe. Further, the design of the BLAIR ROBE with a seven button closure down the front, made it very difficult to remove when on fire, especially for older persons due to the lack of agility and slower reflexes as a person ages.

2.     On or about December, 2008, EVELYN ROGOFF purchased the BLAIR ROBE from BLAIR, in response to a catalog solicitation for the sale of it.

3.     On February 4, 2009, while EVELYN ROGOFF was wearing the BLAIR ROBE as she was making tea in her kitchen in Oceanside, CA, she was using the BLAIR ROBE in a manner in which it was intended. The BLAIR ROBE ignited when exposed to the surface of the electric burner used to heat the tea pot. The BLAIR ROBE caught fire about the arm and traveled quickly up Evelyn's arm, about her neck, face and chest. Evelyn's husband, Murray, threw himself on her to smother the fire that was consuming Evelyn, and his robe caught fire, as did he.

4.     Daughter SUSAN BRENT, came into the home, heard the screams, saw her parents on fire on the floor, grabbed water bottles which were near, and doused flames until all of the fire was out. Susan transported her parents to the hospital.

5. ·    BLAIR had a duty to warn EVELYN ROGOFF that the product that BLAIR ROBE was made of a fabric that was known in the fabric and flammable fabric standard experts industry to be extremely flammable when closely exposed to open fire or high heat which was reasonably foreseeable, and could easily catch on fire.

6.     BLAIR failed to place any kind of warning label in the bathrobe prior to its sale to consumer, EVELYN ROGOFF. BLAIR was fully aware that a woman's bathrobe would be used and worn in close proximity to open range fires, and hot electric coils from electric ranges since it is common knowledge that women often cook and make coffee and tea and other things in their robes. Since one of BLAIRs' target demographics for their clothing is senior citizens who are the most vulnerable class of persons, (with infants), to severe injury and death from clothing fire while wearing the flammable clothing, Plaintiffs had special obligations to warn. Plaintiffs plead the allegations of this paragraph as having evidentiary support or likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

7.     BLAIR could have warned by fastening a warning label to the BLAIR ROBE before it reached the consumer, which label costs approximately one penny per robe, and which label would have prevented the injuries and death set out herein.

8.     BLAIR's product was defectively designed in that the flammable robe also fastened with seven buttons down the front, which was very difficult to exit from when it caught on fire because of the time and dexterity required to unbutton seven button closure, especially for older persons.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
to Judicial Council Form



Legal
Solutions
Plus

**Exhibit 2**
**Page 13**

| PETITIONER/PLAINTIFF: MICHELLE PUTINI, individually, et al | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: BLAIR CORPORATION | |

SECOND CAUSE OF ACTION - Violation of Statute                    Page  6

### Violation of Statute (15 U.S.C. 1192 et. seq.)

1.     Plaintiffs MICHELLE PUTINI Individually and as Successor-in-Interest to and Administrator of the Estates of EVELYN and MURRAY ROGOFF, Deceased ; SUSAN BRENT, individually, and as Successor-in-Interest to EVELYN and MURRAY ROGOFF, Deceased hereby re-allege paragraphs 1-15 and Prod L-1 to Prod L-7 of the complaint as though fully set forth herein and incorporate them herein by reference.

2.     Defendants BLAIR, BLAIR LLC, ORCHARD BRANDS CORPORATION and GOLDEN STATE CAPITAL were members of the class subject to the rules and regulations prescribed in the THE FEDERAL FLAMMABLE FABRIC ACT, 15 US 1192, et. seq. (hereinafter called FFFA). EVELYN and MURRAY ROGOFF were within the class of persons meant to be protected by FFFA, persons who come in contact with and/or wear fabrics/clothing which could be dangerous if flammable.

3.     Defendants BLAIR, BLAIR LLC, ORCHARD BRANDS CORPORATION and GOLDEN STATE CAPITAL violated the FFFA, to wit: SEC. 3. [15 U.S.C. § 1192] in that it offered for sale, in commerce, and/or the importation, introduction, delivery for introduction, into the United States, and/or causing to transport, in commerce, or the sale or delivery after a sale or shipment in commerce, of any product, fabric, or related material which fails to conform to an applicable standard or regulation issued or amended under the provisions of section 4 of the FFFA. Minimally BLAIR, BLAIR LLC, ORCHARD BRANDS CORPORATION and GOLDEN STATE CAPITAL, through sale, delivery, and/or failure to properly test or cause to be tested, its BLAIR ROBES placed in commerce throughout the United States a highly flammable bathrobe which failed to conform to the standards of FFFA.

4.     As a proximate result of this violation of statute, in particular, MURRAY and EVELYN ROGOFF suffered severe injuries and/or death, the precise results meant to be avoided by enactment of the FFFA. Plaintiff pleads the allegations of this paragraph as having evidentiary support or likely have evidentiary support after a reasonable opportunity for further investigation or discovery.



Legal
Solutions
Plus

Exhibit 2
Page 14

PLD-PI-001(6)

| SHORT TITLE:  PUTINI v. BLAIR CORPORATION | CASE NUMBER |
|---|---|

**Exemplary Damages Attachment**                                    Page _7_

ATTACHMENT TO  [X] Complaint     [ ] Cross-Complaint

EX-1.  As additional damages against defendant *(name):*  BLAIR CORPORATION, BLAIR LLC, ORCHARD
BRANDS CORPORATION, and GOLDEN STATE CAPITAL

   Plaintiff alleges defendant was guilty of
   [X]  malice
   [X]  fraud
   [X]  oppression
   as defined in Civil Code section 3294,  and plaintiff should recover,  in addition to actual damages,  damages
   to make an example of and to punish defendant.

EX-2.  The facts supporting plaintiff's claim are as follows:

   Defendants BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, and GOLDEN
STATE CAPITAL knew or should have known that the BLAIR ROBE was a defective, unsafe product for use by any
person  but particularly unsafe for people over 65 years of age, BLAIR'S key target demographic group. Said defendants
knew the BLAIR ROBE was dangerously unsafe and highly flammable long before February 4, 2009 and should have
recalled said robe before that date but intentionally and to avoid adverse publicity did not do so until April 21 2009 and
June 12 2009, after EVELYN and MURRAY ROGOFF and numerous other persons had been injured and killed by robes
which caught on fire. The injuries and death of EVELYN and MURRAY ROGOFF and others would not have occurred if
said defendants had acted timely on their knowledge and timely recalled the BLAIR ROBES.  Said conduct was wanton,
oppressive and malicious, and in conscious disregard of the rights and safety of others, entitling Plaintiffs to punitive
damages, in a sum according to proof.

   BLAIR CORPORATION, BLAIR LLC, ORCHARD BRANDS CORPORATION, and GOLDEN STATE CAPITAL
deliberately and intentionally and willfully caused itself to be ignorant of facts that would have compelled the BLAIR
ROBE recall in sufficient time such that  Evelyn and Murray Rogoff  would not have been injured or killed.  Said
defendants' employees have issued statements which demonstrate said defendants' complete  and total disregard, care, or
concern over the fact that their BLAIR ROBE was inflicting bodily injury and could cause death. Said defendants willfully,
deliberately, oppressively and maliciously refused to acknowledge that their defective product, the BLAIR ROBE, was so
highly flammable it was causing "quick fire" and personal injury to the consumers. Said defendants chose to remain willfully
ignorant, did not respond to notice of the robe's inherent dangerous flammability, did not retest its product timely and did
not timely recall the dangerous product. Such a timely recall would have prevented the injuries and deaths of Evelyn and
Murray, and damages to Plaintiffs.

   In response to a timely notice of a serious personal injury already caused by an identical BLAIR ROBE and a
customer's stated concern that the robe if not recalled could cause deaths, said defendants' employee stated that BLAIR was
." not concerned" and that if the robe was pulled from the domestic (American) market, it could be sold "everywhere else in
the world."

EX-3.  The amount of exemplary damages sought is
      a. [X] not shown, pursuant to Code of Civil Procedure section 425.10.
      b. [ ] $

Page 1 of 1

**EXEMPLARY DAMAGES ATTACHMENT**

Legal
Solutions
& Plus

Code of Civil Procedure, § 425.12

**Exhibit 2
Page 15**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY AND ZIP CODE: Vista, CA 92081 | |
| BRANCH NAME: North County | |
| TELEPHONE NUMBER: (760) 201-8029 | |

PLAINTIFF(S) / PETITIONER(S):     Michelle Putini as Successor-In-Interest to and administrator of the Estates of Evelyn and Murray Rogoff, deceased et.a

DEFENDANT(S) / RESPONDENT(S): Blair Corporation et.al.

MICHELLE PUTINI AS SUCCESSOR-IN-INTEREST TO AND ADMINISTRATOR OF THE ESTATES OF EVELYN

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2009-00061082-CU-PL-NC |
|---|---|

Judge: Robert P Dahlquist            Department: N-29

COMPLAINT/PETITION FILED: 10/23/2009

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

Exhibit 2<br>Page 16

| AMENDED | **SUMMONS** | | SUM-100 |
|---|---|---|---|

**AMENDED SUMMONS**
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BLAIR CORPORATION; BLAIR LLC; GOLDEN GATE CAPITAL;
ORCHARD BRANDS CORPORATION; GOLDEN GATE PRIVATE
EQUITY, INC., and DOES 1 to 100

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

09 NOV -5 PM 12: 10

CLERK- SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHELLE PUTINI, individually, and as Administrator of the Estates of
EVELYN ROGOFF and MURRAY ROGOFF, Deceased; SUSAN BRENT,
individually, and as Successor-in-Interest to EVELYN ROGOFF and
MURRAY ROGOFF

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF SAN DIEGO <br> 325 S. Melrose Drive <br> Vista, CA 92081 <br> NORTH SAN DIEGO COUNTY | **CASE NUMBER:** *(Número del Caso):* 37-2009-00061082-CU-PL-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NOEL W. SPAID, ESQ. #87357                    Tel. (858) 350-8718    Fax (858) 350-8718
C. BRADLEY HALLEN, ESQ. #47947                Tel. (858) 753-4888    Fax (760) 943-0494
2533 So. Coast Highway 101, Suite 280
Cardiff, CA 92007

DATE: NOV 05 2009              Clerk, by  **M. HACKETT**              , Deputy
*(Fecha)*                        *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* GOLDEN GATE PRIVATE EQUITY, INC.

under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**Exhibit 2**
**Page 17**

# Delaware

PAGE 1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE CORPORATION UNDER THE NAME OF "BLAIR CORPORATION" TO A DELAWARE LIMITED LIABILITY COMPANY, CHANGING ITS NAME FROM "BLAIR CORPORATION" TO "BLAIR LLC", FILED IN THIS OFFICE ON THE THIRTIETH DAY OF APRIL, A.D. 2007, AT 4:38 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

0174618   8100V

070496187

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 5636658

DATE: 04-30-07

Exhibit 3
Page 18

STATE OF DELAWARE

CERTIFICATE OF CONVERSION

FROM A CORPORATION TO A

LIMITED LIABILITY COMPANY

PURSUANT TO SECTION 18-214 OF THE LIMITED LIABILITY ACT

OF

BLAIR CORPORATION

1. The jurisdiction where Blair Corporation (the "Corporation") first formed is State of Delaware.

2. The jurisdiction of the Corporation immediately prior to filing this Certificate of Conversion is State of Delaware.

3. The date the Corporation first formed is October 23, 1924 under the name of "New Process Company."

4. The name of the Corporation immediately prior to filing this Certificate of Conversion is Blair Corporation.

5. The name of the Limited Liability Company as set forth in the Certificate of Formation is Blair LLC.

* * * * *

State of Delaware
Secretary of State
Division of Corporations
Delivered 04:31 PM 04/30/2007
FILED 04:38 PM 04/30/2007
SRV 070496187 - 0174618 FILE

K&E 11768744 1

Exhibit 3
Page 19

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Conversion on the 30th day of April, 2007.

_/s/ Larry J. Pitorak_
Larry J. Pitorak
**Authorized Person**

**Exhibit 3
Page 20**

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHELLE PUTINI, individually and as Successor-in-Interest to and Administrator of the Estates of EVELYN and MURRAY ROGOFF, deceased; and SUSAN BRENT, individually, and as Successor-in-Interest to EVELYN and MURRAY ROGOFF, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. _____ |
| v. | ) ) | |
| BLAIR CORPORATION, BLAIR L.L.C., GOLDEN GATE CAPITAL, ORCHARD BRANDS CORPORATION, GOLDEN GATE PRIVATE EQUITY, INC., and Does 1-100, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF STEFAN KALUZNY

I, Stefan Kaluzny, declare as follows:

1.     My name is Stefan Kaluzny. I am over 21 years of age and competent to execute this declaration.

2.     I am Managing Director of Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital.  I make the following statements contained herein based upon my personal knowledge.

3.     Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital is a Delaware corporation with its principal place of business in the State of California.  There is no legal entity entitled "Golden Gate Capital."

4.     Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital is a management company that provides management services for various investment funds.  Golden Gate Private

Exhibit 4
Page 21

Equity, Inc. d/b/a Golden Gate Capital is not and was not a shareholder in any of the investment funds. Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital is not and was not a shareholder or member of Blair LLC, nor is it or was it a shareholder or member of any Blair parent entity, including Orchard Brands. Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital was not a shareholder of Blair Corporation.

5.      Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital is not and was not an agent of Blair LLC or Orchard Brands Corporation. Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital was not an agent of Blair Corporation during the time that Blair Corporation was in existence. Further, Blair LLC and Orchard Brands Corporation are not and were not agents of Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital and Blair Corporation was not an agent of Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital.

6.      Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital does not design, manufacture, assemble, market, distribute or sell products. Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital had no involvement in the design, manufacture, assembly, marketing, distribution, or sale of the robe here in issue or any component part of said robe or any other robe.

7.      Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital did not and does not control or participate in the management or operation of defendants Orchard Brands Corporation or Blair LLC, and it did not control or participate in the management or operation of named defendant Blair Corporation.

8.      Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital had no knowledge of the condition or inspections conducted of the robe in question, or any other robe, or any component parts of said robes, from the time of their design through the time of their sale and/or distribution.

-2-

Exhibit 4
Page 22

9.     Golden Gate Private Equity, Inc. d/b/a Golden Gate Capital did not make any representations, express or otherwise, regarding the robe in question or any other robe or any component parts thereof.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 2, 2009.

K&E:15983443.1

- 3 -

Exhibit 4
Page 23

1  Carolyn Taylor, Esq., State Bar No. 159347
   Tammara N. Tukloff, State Bar No. 192200
2  **MORRIS POLICH & PURDY, LLP**
   501 W. Broadway, Suite 500
3  San Diego, California 92101
   (619) 557-0404
4

5  Attorneys for Defendants Blair Corporation,
   Blair, LLC and Orchard Brands Corporation
6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **FOR THE COUNTY OF SAN DIEGO**

10                       **NORTH COUNTY DIVISION**

11  MICHELLE PUTINI, individually and as          No. 37-2009-00061082-CU-PL-NC
    Successor- in-Interest to and Administrator of
12  the Estates of EVELYN and MURRAY              **NOTICE OF FILING NOTICE OF**
    ROGOFF, deceased; and SUSAN BRENT,            **REMOVAL**
13  individually, and as Successor- in-Interest to
    EVELYN and MURRAY ROGOFF,
14

15                          Plaintiffs,

16          v.

17

18  BLAIR   CORPORATION,   BLAIR   L.L.C.,
    GOLDEN STATE CAPITAL, and ORCHARD
19  BRANDS CORPORATION,

20                          Defendants.

21

22  **TO:  CLERK OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

23

24          PLEASE  TAKE  NOTICE  that  defendants,  BLAIR  LLC,  BLAIR  CORPORATION,  and

25  ORCHARD BRANDS CORPORATION by its attorneys, Morris Polich & Purdy LLP, hereby notify

26  the Clerk of the Superior Court of California, County of San Diego, North County Division that on

27  December 4, 2009, a Notice of Removal of this action was filed with the United States District Court,

28

                                               1
                      **NOTICE OF FILING NOTICE OF REMOVAL**

                                                              **EXHIBIT 5**
                                                               **Page 24**

1  Southern District of California, pursuant to 28 U.S.C. § 1441(b) and §§ 1446(a) and (b).

2     This notice to the Clerk of the Superior Court of California, County of San Diego, North County

3  Division, in which the action is pending, is given pursuant to 28 U.S.C. § 1446(d), which provides that

4  the Court shall proceed no further unless and until the case is remanded by the U.S. District for the

5  Southern District of California to the Superior Court of California, County of San Diego, North County

6  Division.

7

8  Dated: December 3, 2009       Respectfully submitted,

9

10              MORRIS POLICH & PURDY LLP

11

12

13              By: _____

              Carolyn Taylor

14                Tammara N. Tukloff

              Attorneys for Defendants Blair Corporation

15                Blair, LLC  and Orchard Brands Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**NOTICE OF FILING NOTICE OF REMOVAL**

EXHIBIT 5
Page 25

1    Carolyn Taylor, Esq., State Bar No. 159347
     Tammara N. Tukloff, State Bar No. 192200
2    **MORRIS POLICH & PURDY LLP**
     501 W. Broadway, Suite 500
3    San Diego, California 92101
     Tele: (619) 557-0404
4    Fax : (619) 557-0460
     ctaylor@mpplaw.com
5    ttukloff@mpplaw.com

6    Attorneys for Defendants Blair Corporation
     Blair, LLC and Orchard Brands Corporation

7

8                **UNITED STATES DISTRICT COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10 MICHELLE PUTINI, individually and as      **Case No.**

11 Successor- in-Interest to and
Administrator of the Estates of EVELYN

12 and MURRAY ROGOFF, deceased; and      **PROOF OF SERVICE**

13 SUSAN BRENT, individually, and as
Successor- in-Interest to EVELYN and      (SCSD No. 37-2009-00061082-CU-PL-NC)

14 MURRAY ROGOFF,

15

16           Plaintiffs,
     v.

17 BLAIR CORPORATION, BLAIR L.L.C.,

18 GOLDEN STATE CAPITAL, and

19 ORCHARD BRANDS CORPORATION,

20           Defendants.

21

22      I am employed in San Diego County.  I am over the age of 18 and not a party to

23 this action.  My business address is 501 West Broadway, Suite 500, San Diego,

24 California 92101

25      On December 4, 2009, I served the foregoing document, described as:

26    **1.**    **NOTICE OF REMOVAL OF CIVIL ACTION**

27

28

1

**PROOF OF SERVICE**

1  in this action by placing ☐ the original of the document; ☒ true copy of the document

2  in separate sealed envelopes to the following addresses:

| | |
|---|---|
| Noel W. Spaid, Esq.<br>C. Bradley Hallen, Esq.<br>2533 S. Coast Highway 101, Suite 280<br>Cardiff-by-the-Sea, CA 92007<br>*Attorneys for Plaintiffs*<br>Tel:  (760) 753-4888   Fax:  (760) 943-0494<br>E-mail: cbhallen@aol.com; nspaid@san.rr.com | Charles Horn, Esq.<br>LeClair Ryan<br>44 Montgomery Street, 18th Floor<br>San Francisco, CA  94104<br>Attorneys for Defendant Golden Gate Private<br>Equity, Inc. d/b/a Golden Gate Capital<br>Tel: (415) 319-4921 Fax: (415) 319-8766<br>Charles.Horn@leclairryan.com |

9  ☐ **BY COURT'S CM/ECF SYSTEM** Pursuant to the Local Rule, I electronically
10  filed the document(s) with he Clerk of the Court using the CM/ECF system, which
   sent notification of that filing to the person(s) listed above.

11  ☒ **BY U.S. MAIL** I deposited such envelope in the mail at San Diego, California.
12  The envelopes were mailed with postage thereon fully prepaid.

13  I am readily familiar with Morris Polich & Purdy LLP's practice of collection and
   processing correspondence for mailing. Under that practice, documents are deposited
14  with the U.S. Postal Service on the same day which is stated in the proof of service,
   with postage fully prepaid at San Diego, California in the ordinary course of business.
15  I am aware that on motion of party served, service is presumed invalid if the postal
   cancellation date or postage meter date is more than one day after the date stated in
16  this proof of service.

17  ☐ **BY FEDERAL EXPRESS** I am familiar with the firm's practice of collecting and
   processing correspondence for delivery via Federal Express.  Under that practice, it
18  would be picked up by Federal Express on that same day at San Diego, California and
   delivered to the parties as listed on this Proof of Service the following business
19  morning.

20  ☐ **BY FACSIMILE** I caused the above-referenced document to be transmitted via
   facsimile to the parties as listed on this Proof of Service.

21      I declare under penalty of perjury under the laws of the state of California, that
22  the above is true and correct.

23  Executed on December 4, 2009, at San Diego, California.

Renee Simpson

2

**PROOF OF SERVICE**

**ORIGINAL**

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michelle Putini
Susan Brent

## DEFENDANTS
Blair Corporation, Blair, L.L.C., Golden State Capital, and Orchard Brands Corporation

**(b)** County of Residence of First Listed Plaintiff    San Diego   **FILED**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**DEC - 4 2009**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See Attachment

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

Attorneys (If Known)   '09 CV 2729 W BLM
See Attachment

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☒ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** / ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI / ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC Section 1192, et. seq.
Brief description of cause:
Violation Federal Flammable Fabrics Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,900,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                                   DOCKET NUMBER

DATE
12/04/2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 008040    AMOUNT $355    12/8/09 BY    APPLYING IFP    JUDGE    MAG. JUDGE


CR

ATTACHMENT TO CIVIL COVER SHEET

1(c)    Noel W. Spaid, Esq.
        C. Bradley Hallen, Esq.
        2533 S. Coast Highway 101, Suite 280
        Cardiff-by-the-Sea, CA  92007
        Tel:    (760) 753-4888
        Fax:    (760) 943-0494
        E-mail:  cbhallen@aol.com
                 nspaid@san.rr.com

        Attorneys for Plaintiff


        Charles Horn, Esq.
        LeClair Ryan
        44 Montgomery Street, 18th Floor
        San Francisco, CA  94104
        Tel:    (415) 319-4921
        Fax:    (415) 391-8766
        E-mail:  Charles.Horn@leclairryan.com

        Attorneys for Golden Gate Private Equity, Inc.
        d/b/a Golden Gate Capital


        Carolyn Taylor, Esq.
        Tammara N. Tukloff, Esq.
        Morris Polich & Purdy LLP
        501 W. Broadway, Suite 500
        San Diego, CA  92101-3544
        Tel:    (619) 557-0404
        Fax:    (619) 557-0460
        E-mail:  ctaylor@mpplaw.com
                 ttukloff@mpplaw.com

        Attorneys for Blair Corporation, Blair, L.L.C., and
        Orchard Brands Corporation

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS008040
Cashier ID: bhartman
Transaction Date: 12/08/2009
Payer Name: MORRIS POLICH AND PURDY
-----------------------------------
CIVIL FILING FEE
 For: PUTINI V BLAIR CORP.
 Case/Party: D-CAS-3-09-CV-002729-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 11222
 Amt Tendered:  $350.00
-----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```