1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9               SOUTHERN DISTRICT OF CALIFORNIA
10
11   MICHELLE PUTINI, individually        Case No. 09-CV-2729-W (BLM)
     and as Successor-in-Interest to and
12   Administrator of the Estates of      ORDER GRANTING IN-PART
     EVELYN and MURRAY ROGOFF,            AND DENYING IN-PART
13   deceased; and SUSAN BRENT,           DEFENDANTS' MOTION TO
     individually, and as Successor-In-   DISMISS (DOC. 21)
14   Interest to EVELYN and MURRAY
15   ROGOFF,
16
17                        Plaintiffs,
             v.
18
19   BLAIR CORPORATION, BLAIR
     L.L.C., GOLDEN GATE CAPITAL,
20   and ORCHARD BRANDS
     CORPORATION, AND DOES 1
21   TO 100,
22
                          Defendants.
23
           Pending before the Court is Defendants Blair Corporation, Blair L.L.C., Golden
24
     Gate Capital, and Orchard Brands Corportation's ("Defendants") motion to dismiss.
25
     (Doc. 21.)  Plaintiffs Michelle Putini and Susan Brent ("Plaintiffs") oppose.
26
           The Court decides the matter on the papers submitted and without oral
27
     argument.  See S.D. Cal. Civ. R. 7.1(d.1).  For the reasons stated herein, the Court
28
     GRANTS IN-PART and DENIES IN-PART Defendants' motion (Doc. 21).

                                        -1-                      09cv2729-W-BLM

1  I.     BACKGROUND

2          According to the Complaint, Plaintiffs' mother, Evelyn Rogoff, purchased a Blair

3  robe on or about December 2008, in response to a catalog solicitation. (*First Amended*

4  *Compl.* ("FAC") [Doc 1, Ex. 2] at 5, ¶ 2.) On February 4, 2009, Ms. Rogoff was wearing

5  the robe while making tea in her kitchen. (<u>Id.</u>, ¶ 3.)  The Blair robe ignited when it was

6  exposed to the surface of the electric burner Ms. Rogoff was using to heat the tea pot.

7  (<u>Id.</u>)  The fire traveled up the arm of the Blair robe and quickly spread to Ms. Rogoff's

8  neck, face, and chest. (<u>Id.</u>)  Ms. Rogoff's husband, Murray Rogoff, threw himself onto

9  her to smother the fire and his robe also caught fire. (<u>Id.</u>)

10         Plaintiff Susan Brent entered her parent's home, heard their screams, and saw

11  them on fire on the floor. (*FAC* at 2, ¶ 4.)  She grabbed nearby water bottles and doused

12  the flames, then transported her parents to the hospital. (<u>Id.</u>)  Both Mr. and Ms. Rogoff

13  died as a result of their injuries. (<u>Id.</u> at 6, ¶ 4.)

14         Plaintiffs filed this action on October 23, 2009, alleging two claims: products

15  liability and violation of a statute. (*Compl.* [Doc 1, Ex. 1].)  On January 15, 2010,

16  Defendants filed the instant motion to dismiss, seeking to dismiss Plaintiffs' second

17  claim, as well as their request for punitive damages.  (*MTD* [Doc. 21].)

18

19  II.    LEGAL STANDARD

20         A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  <u>See</u>

21  <u>North Star Int'l. v. Arizona Corp. Comm'n.</u>, 720 F.2d 578, 581 (9th Cir. 1983).  The

22  Court must dismiss a cause of action that fails to state a claim upon which relief can be

23  granted.  Fed. R. Civ. P. 12(b)(6).  A complaint may be dismissed as a matter of law for

24  two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a

25  cognizable theory.  <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th

26  Cir. 1984).

27         In reviewing a Rule 12(b)(6) motion, all material allegations in the complaint,

28  "even if doubtful in fact," are assumed to be true.  <u>Bell Atlantic Corp. v. Twombly</u>, 550

1   U.S. 544, 555 (2007).   Additionally, the complaint and all reasonable inferences
2   therefrom are construed in the plaintiff's favor.   <u>Walleri v. Fed. Home Loan Bank of</u>
3   <u>Seattle</u>, 83 F.3d 1575, 1580 (9th Cir. 1996).   Nevertheless, conclusory legal allegations
4   and unwarranted inferences are insufficient to defeat a motion to dismiss.   <u>Ove v.</u>
5   <u>Gwinn</u>, 264 F.3d 817, 821 (9th Cir. 2001).

6          "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
7   detailed factual allegations, [citation omitted], a plaintiff's obligation to provide the
8   'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a
9   formulaic recitation of the elements of a cause of action will not do [citation omitted]."
10  <u>Twombly</u>, 550 U.S. at 555.   Rather, the allegations in the complaint "must be enough
11  to raise a right to relief above the speculative level."   <u>Id.</u>

12

13  **III.   DISCUSSION**

14          **A.   <u>Plaintiffs' First Cause of Action for Violation of a Statute</u>**

15          Defendants seek to dismiss Plaintiffs' second cause of action for "Violation of a
16  Statute" under Federal Rule of Civil Procedure 12(b)(1), which provides that a court
17  may dismiss a claim for "lack of jurisdiction over the subject matter[.]"   FED. R. CIV. P.
18  12(b)(1).   Defendants argue that because the Federal Flammable Fabrics Act ("FFFA")
19  does not create a private right of action, the claim must be dismissed.   (*MTD* at 2.)

20          Plaintiffs do not respond to Defendants' jurisdictional attack, and instead urge in
21  their Opposition that they are not asserting a private right of action under the FFFA,
22  but are instead asserting a negligence per se claim.   (*Opp.* [Doc. 28] at 4–5.)   Defendants
23  accuse Plaintiffs of using their Opposition to re-draft their complaint.[1]   (*Reply* [Doc. 29]
24  at 3.)

25          Plaintiffs' second cause of action is entitled "Violation of Statute (15 U.S.C. 1192
26  et. seq.)."   (*FAC* at 6.)   Plaintiffs identify Mr. and Ms. Rogoff as within the class of

27  _____

28          [1]Because Plaintiffs do not argue that a private right of action is available under the
FFFA, the Court need not address the issue.

people meant to be protected by the FFFA, and accuse Defendants of violating section 3 of the FFFA by offering into sale material that failed to conform to the FFFA's standards. (Id. at ¶ 2–3.) Plaintiffs allege that the violation resulted in the deaths of Mr. and Mrs. Rogoff. Id. at ¶ 4.) As part of their claim for relief, Plaintiffs seek "attorneys fees as provided by law for Violation of Statute...." (Id. at 3, ¶ 11.)

The Court agrees that by naming their second cause of action "Violation of a Statute" and seeking attorneys fees based on the violation of the statute, the FAC appears to be asserting a claim for violation of the FFFA, rather than a claim for negligence per se. And because Plaintiffs do not assert that a private right of action exists under the FFFA, the Court will grant Defendants motion to dismiss with leave to amend.

**B.**     **<u>Defendant's Motion to Dismiss Plaintiffs' Claim to Punitive Damages.</u>**

Defendants next move to dismiss Plaintiffs' request for punitive damages, arguing that Plaintiffs have failed to allege facts sufficient to support punitive damages under California Civil Code Section 3294. Section 3294 requires that a party requesting punitive damages prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice..." CAL. CIV CODE § 3294 (a). Focusing on this part of the statute, Defendants urge the Court to apply the heightened pleading standards of <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), to Plaintiffs' damage request.

As an initial matter, the Court is not convinced that the <u>Iqbal</u> standard applies to punitive damage requests. However, the Court need not address this issue because even under the <u>Iqbal</u> standard, Plaintiffs have sufficiently alleged facts to state a claim for punitive damages.

Plaintiffs allege that prior the death of their parents, Defendants received timely notice of a similar serious personal injury involving the Blair robe. (*FAC* at 7.) Plaintiffs further allege that Defendants knew, or should have known, that the robes would be used around stoves. (<u>Id.</u> at 5.) Plaintiffs allege that despite the knowledge and foreseeability regarding the robe's risks, Defendants did not insert a warning label into

1   the robes, something Plaintiffs allege would have cost approximately one penny per robe.
2   (Id.)  Additionally, Plaintiffs urge that Defendants intentionally delayed recalling the
3   robes in order to avoid adverse publicity. (Id. at 7.)

4         California Civil Code Section 3294 defines "malice" as "conduct which is
5   intended by the defendant to cause injury to the Plaintiff or despicable conduct which
6   is carried on by the defendant with a willful and conscious disregard of the rights or
7   safety of others." CAL. CIV CODE § 3294 (c) (1).  The Code defines "oppression" as
8   "despicable conduct that subjects a person to cruel and unjust hardship in conscious
9   disregard of that person's rights." CAL. CIV CODE § 3294 (c) (2).  Accepting Plaintiffs'
10  factual allegations as true, the Court finds that Plaintiffs have alleged facts sufficient for
11  punitive damages.  Specifically, the facts alleged suggest that Defendants engaged in
12  despicable conduct with conscious disregard for the safety and rights of others by
13  allegedly placing their desire for profit ahead of their customer's safety.  Accordingly,
14  Defendants' motion to dismiss Plaintiffs' request for punitive damages will be denied.

15

16  **IV.**    **CONCLUSION & ORDER**

17        For the foregoing reasons, the Court **GRANTS IN-PART** and **DENIES IN-**
18  **PART** Defendants' motion to dismiss (Doc. 21) as follows:

19       1.    The second cause of action for violation of the FFFA is dismissed with
20             leave to amend to state a claim for negligence per se.
21       2.    The motion to dismiss Plaintiffs' request for punitive damages is denied.
22  Any second amended complaint must be filed on or before **May 21, 2010.**
23        **IT IS SO ORDERED.**

24

25  DATED:  May 3, 2010

26

27                               Hon. Thomas J. Whelan
                             United States District Judge
28

09cv2729-W-BLM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28