# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE PUTINI, individually and as Successor- in-Interest to and Administrator of the Estates of EVELYN and MURRAY ROGOFF, deceased; and SUSAN BRENT, individually, and as Successor-in-Interest to EVELYN and MURRAY ROGOFF,<br><br>Plaintiffs,<br>v.<br><br>BLAIR CORPORATION, BLAIR L.L.C., GOLDEN STATE CAPITAL, and ORCHARD BRANDS CORPORATION, AND DOES 1 TO 100,<br><br>Defendants. | **Case No.  09-CV-2729-W-BLM**<br><br>**ORDER ON JOINT MOTION FOR PROTECTIVE ORDER**<br><br>[Doc. No. 37] |

The Joint Motion for Protective Order of Plaintiffs Michelle Putini, individually, and as Successor-in-Interest to and Administrator of the Estates of Evelyn and Murray Rogoff, Deceased; and Susan Brent, individually, and as successor-in-interest to Evelyn And Murray Rogoff  as well as Defendants Blair Corporation, Blair LLC, and Orchard Brands Corporation is hereby granted as follows:

///

///

# PROTECTIVE ORDER

The parties have consented to the entry of this Order concerning all information, documents, or material which have been or will be produced or provided in this litigation pursuant to any and all requests for such information, documents, or materials by any party under the Federal Rules of Civil Procedure, as defined herein. With the parties in agreement as to the terms of this Order, it is hereby ORDERED as follows:

1. The terms and conditions of this Order shall govern the production and handling of documents, answers or responses to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or received from any third party in response to discovery requests or subpoenas.

2. All information, documents, and materials produced by any named Party, which information or documents are identified by the producing party as CONFIDENTIAL INFORMATION (hereinafter, "CONFIDENTIAL"), shall be deemed confidential and shall not be used for any purpose other than this litigation and shall not be disclosed or revealed in any manner, directly or indirectly, to anyone except as provided herein, as limited by the language set forth in Paragraph 3.

3. The designation "CONFIDENTIAL" shall be limited to information that any producing party, including any third party, in good faith, believes to contain (a) proprietary information, commercially sensitive information (commercially sensitive information being defined as financial, commercial, scientific or technical information whose disclosure would reasonably be expected to result in a material financial loss or gain to the person or entity to whom the information relates, or could prejudice the competitive position of that person or entity in the conduct of his, her, or the entity's profession or business), including (as examples but not limitations) pricing information, procedures, customer lists, marketing plans and methods, business planning and financial information; (b) personal financial or medical information (such

09-cv-2729-W-BLM

as "protected health information" as defined by 45 CFR § 164.501 or "individually identifiable health information" as defined by 45 CFR § 160.103, or is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 552a or the Health Insurance Portability and Accountability Act of 1996); (c) trade secrets; and (d) information that should otherwise be subject to protective treatment under Rule 26 of the Federal Rules of civil Procedure. The designation "CONFIDENTIAL" does not include information or materials available to the public, including, without limitation, copies of lawsuits filed and responses to same; discovery in any litigation not previously designated confidential by Order of any Court; catalogs; marketing brochures; press releases; advertising materials in any format; prior or current website content; newsletters in print, email, or other format.

   4. Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

   (a) Parties and counsel of record (and employees of counsel of record) in the lawsuit of <u>Michelle Putini individually and as Success-in-Interest to and Administrator of the Estates of Evelyn and Murray Rogoff, deceased, et al., v. Blair LLC, et al.,</u>

   (b) In-house or general corporate counsel of parties to this case (and their staff employees);

   (c) Court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel. (d) Potential or actual experts or consultants who are retained by any attorney described in Paragraphs 4(a) and 4(b) to assist with any Blair Robe litigation currently filed in state or federal court in any jurisdiction, who are not a current employee of a Party or subsidiary or affiliate of a Party, and who execute a Certification attached hereto as Exhibit A;

   (e) Any actual or potential trial or deposition witness who needs or reasonably may need to review "CONFIDENTIAL" information for testimony in this case and who executes a Certification attached hereto as Exhibit A;

1  (f) Any private mediators used in any Blair Robe litigation filed in state or federal court, provided such person executes a Certification attached hereto as Exhibit A;

(g) The Court, and any Special Masters and/or Mediators appointed by the Court; and

(h) Representatives or attorneys for any insurance carrier currently providing coverage, whether pursuant to a reservation of rights or otherwise, on behalf of any defendant in the case of <u>Michelle Putini individually and as Success-in-Interest to and Administrator of the Estates of Evelyn and Murray Rogoff, deceased, et al., v. Blair LLC, et al.,</u> or other similar or related lawsuits involving injuries allegedly caused while wearing a Blair Robe.

(i) Counsel representing any party alleged to be injured in an incident involving a Blair Chenille Robe. Such disclosure may be made only after the counsel receiving the material agrees in writing to be bound by the provision in this Order and the jurisdiction of this Court by executing the Certification attached as Exhibit "A".

5. "Disclose" or "disclosure" shall mean not only the sharing, dissemination, or publication of a document, item, or any tangible thing, but shall also apply to the information contained within any such document, item, or tangible thing, and includes a description or indirect reference to such contents. Disclosure, as addressed by this Order, includes any communication, in any form, regarding any information sought hereby to be protected.

6. All information designated "CONFIDENTIAL" in accordance with the terms of this Order and produced or exchanged in the course of this case shall be used or disclosed solely for the purpose of prosecution or defense of cases involving injuries allegedly caused while wearing a Blair Robe and in accordance with the provisions of this Order. Such "CONFIDENTIAL" information shall not be used for any business purpose, or for any other purpose, except by court order or otherwise required by law.

The foregoing notwithstanding, this Order has no effect on, and its scope shall not extend to any Party's use of its own "CONFIDENTIAL" information.

7. No person or entity other than counsel of record (or staff employees thereof) in this case may disclose "CONFIDENTIAL" information to any other person.

8. The recipient of any "CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential, financial, or proprietary information.

9. "CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as, by way of example and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, photographs, video depictions, sound recordings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which comprise, embody or summarize information about the producing party's business, products, practices, procedures, or health.

10. In designating information as "CONFIDENTIAL," the producing or testifying party or person, including third parties, will make such designation only as to that information that it believes is "CONFIDENTIAL" and falls within the language of this Order.

11. All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any Party in this case may be designated as "CONFIDENTIAL" by the producing or disclosing party marking the appropriate legend on the face of the document and each page so designated.

12. The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in this case as "CONFIDENTIAL" at the time of the

deposition by advising the court reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated "CONFIDENTIAL" pursuant to this Paragraph, the videocassette or other storage media containing a recording of the deposition shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of the transcript, the deponent, his/her counsel, or any other party may designate all or portions of the transcript "CONFIDENTIAL." The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" information and serve the same on opposing counsel.  Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL" information. If no designation is made within thirty (30) days after receipt of the transcript, the transcript (including exhibits) shall be considered not to contain any "CONFIDENTIAL" information (although any exhibit which was previously designated as "CONFIDENTIAL" shall remain so notwithstanding any failure to so designate pursuant to this paragraph).

   13. Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" information shall be filed under seal in an envelope marked "CONFIDENTIAL - Filed Under Seal Pursuant to Court Order" and bear the caption of this case and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated.  <u>However, no document may be filed under seal without explicit Court authorization.  In that respect, a party must file a "public" version of any document that it seeks to file under seal.  In the public version, the party must redact only that information that is deemed "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").  The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal.  A party should submit the unredacted document(s) directly to chambers.</u>

14. Nothing in this Order shall be construed in any way as a finding that information designated as "CONFIDENTIAL" actually is "CONFIDENTIAL." Any Party may object, in writing, to the designation by another Party by specifying the information at issue and its grounds for questioning the designation. A Party shall not be obligated to object to the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any Party objects at any point in these proceedings to the designation by the producing party, the party or parties that have made such designation shall first try to resolve said dispute in good faith on an informal basis. If any party challenges the propriety of a designation, and the parties cannot resolve the dispute, the Party seeking removal of the designation may request a hearing on the filed objection as to the designation. The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the objection. The Party that designated the information "CONFIDENTIAL" shall have the burden of demonstrating that such designation falls within the language of this Order.

15. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the discoverability or admissibility of any documents, testimony or other evidence in this case. This Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

16. Nothing in this Order shall bar or otherwise restrict any attorney herein from tendering advice to clients with respect to this case and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" information so long as the attorney does not disclose "CONFIDENTIAL" information.

17. The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality except where: (a) the producing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of

becoming aware of such disclosure and, (b) within thirty (30) days of such notice, the producing party fails to provide properly redesignated documents to the receiving party. During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice. Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the producing party within five (5) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice.

18. Any document that is authored by a party in this case and is produced by the authoring party is deemed an authentic document. All objections to the admissibility of such documents on grounds other than authentication are hereby reserved.

19. The parties will work in cooperation to produce documents in an electronic format or other format as agreed upon by the parties. Documents produced by the parties will be bate stamped and each production response will identify the responsive documents by bates numbers. Parties are further required to use reasonable efforts to place bates numbers on documents in a location so they do not cover any textual material.

///
///
///
///
///
///
///
///
///

1     20.    This Order of Confidentiality shall survive the disposition of this case and shall continue in full force and effect thereafter. Within sixty (60) days after final disposition of this lawsuit, including resolution of all appellate proceedings and upon request from producing party's counsel, counsel for the receiving party shall either: (a) return all 'CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" information in discovery; or (b) certify the destruction to producing party's counsel.

**IT IS SO ORDERED.**

DATED: June 3, 2010

_____
BARBARA L. MAJOR
United States Magistrate Judge

**CERTIFICATION — EXHIBIT A**

I hereby certify that I have read and agree to abide by the attached First Consent Protective Order ("Order") entered by Judge Whelan or Magistrate Major of the U.S. District Court for the Southern District of California in <u>Michelle Putini individually and as Success-in-Interest to and Administrator of the Estates of Evelyn and Murray Rogoff, deceased, et al., v. Blair LLC, et al.</u> Docket No. 3:09-CV-02729 and I agree that I will not reveal "CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" information in accordance with the Order, and I will use "CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the Blair Robe cases and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" information confidential in accordance with this Order.

I agree that the U.S. District Court for the Southern District of California has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____. 2010.

[Signature]

[Print Name]

[Employer]

[Address]

SD048953